IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

```
BROWN & BROWN, INC.,           )
                               )
          Plaintiff,           )
                               )
     v.                        )    No.  10 C 7195
                               )
MUHAMMAD MUNAWAR ALI,          )
                               )
          Defendant.           )
```

## MEMORANDUM OPINION AND ORDER

Brown & Brown, Inc. ("Brown") has appealed the dismissal by Bankruptcy Judge Eugene Wedoff of its Complaint in Adversary Proceeding against debtor Muhammad Munawar Ali ("Ali")(Bankruptcy Court Case No. 10-01401). Judge Wedoff's September 22, 2010 oral ruling was very brief indeed, with the entire transcript (attached to this opinion) occupying just a few lines more than a single page--but its very brevity underscores the legal poverty of Brown's position before this Court.

In candor, Brown's argument here is a total red herring: It accuses able Judge Wedoff with having failed to consider and rule upon its purported equitable tolling explanation for not having filed a timely adversary complaint objecting to debtor Ali's discharge or the dischargability of the debt owed to Brown (there was an October 10, 2009 deadline for the filing of any such objection). That argument is patently empty of merit, for the matters upon which Brown seeks to premise its equitable tolling notion relate to the delay in filing its complaint against

Ali--not at all to Brown's total delinquency in having previously failed to seek an extension of time for such substantive filing.[1]

It is of course obvious that any notion of equitable tolling that could excuse the nonfiling of a request for an extension of a deadline, as contrasted with excusing the failure to meet the substantive filing deadline itself, would have to be based on a special kind of showing. As our Court of Appeals has taught in Yuan Gao v. Mukasey, 519 F.3d 376, 377-78 (7th Cir. 2008), in language that might well have been written for the present case:

> Equitable tolling will rarely be available when a claimant can obtain an extension of time for complying with a deadline. (Surprisingly, we can find no case that addresses this point.) Obviously in the usual statute of limitations setting he cannot obtain an extension of time--he can go to the defendant and ask the defendant to waive the statute of limitations, but he cannot force him to do so or ask the court to force him. That is not the case with a court-imposed filing deadline subject to extensions unless the claimant is somehow prevented, by circumstances that would qualify as grounds for equitable tolling, from filing for one.

That last subject is precisely what Judge Wedoff considered and spoke to in this portion of his oral ruling:

> Here there was ample reason for the plaintiff in the adversary to know that there was at least a potential adversary complaint in plenty of time to bring a motion to extend the deadline. No such motion was filed.

---

[1] This opinion need not rehearse matters dealing with any asserted reasons that Brown may have had for delaying such a substantive filing, any more than Judge Wedoff was called upon to address such claimed reasons. Those matters are simply irrelevant to the current appeal, for the reasons set out hereafter in the text.

*     *     *

> The failure to do that here is fatal. The complaint
> was not filed in a timely fashion. There is no basis
> for excusing the failure to file a timely request for
> an extension and, therefore, the motion to dismiss the
> adversary is granted.

Although Judge Wedoff did not employ the term "equitable tolling" in his ruling, that quoted holding equates squarely with a determination that no such equitable considerations were present that would rescue Brown from the consequences of its own failure.

Even before this Court, Brown's equitable tolling assertions focus on reasons that it did not possess all of the information before the deadline date that would have permitted it to file an effective adversary complaint before the clock ran out. What continues to be conspicuously absent is <u>any</u> assertion that, in the language of <u>Yuan Gao</u>, "somehow prevented [it], by circumstances that would qualify as grounds for equitable tolling, from filing for [an extension pursuant to Bankruptcy Rule 4004(b)]."

In summary, there is no question that Judge Wedoff did indeed consider and deal with the concept of equitable tolling <u>in the proper context</u>. And his decision was the right one--this Court has considered it de novo, and it affirms the dismissal of Brown's adversary complaint.

_____
Milton I. Shadur
Senior United States District Judge

Date: February 7, 2011

3

```
 1                IN THE UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF ILLINOIS
 2                         EASTERN DIVISION

 3
      In the Matter of:            )
 4                                 )   No. 10 A 01401
      BROWN & BROWN, INC.,         )
 5          Plaintiff,             )
            v.                     )   September 22, 2010
 6                                 )   10:19 A.M.
      MUHAMMAD MUNAWAR ALI,        )   Chicago, Illinois
 7          Defendant.             )

 8                    TRANSCRIPT OF PROCEEDINGS
               BEFORE THE HONORABLE EUGENE R. WEDOFF
 9

10    APPEARANCES:

11    MR. ERICH BUCK
      MR. BRAD BERISH
12    on behalf of the debtor;

13    MR. NEAL LEVIN
      on behalf of Brown.

14

15

16

17

18

19

20

21

22

23

24

25
```

```
10:18   1     THE CLERK:  Muhammad Ali, with related
        2  adversaries Brown & Brown, Incorporated, v. Ali,
        3  10 A 1401.
        4     MR. LEVIN:  Good morning, your Honor.  Neal
        5  Levin, on behalf of Brown.
        6     MR. BUCK:  Good morning, your Honor.  Erich Buck
        7  and Brad Berish, on behalf of the debtor.
        8     THE COURT:  There's a great deal of argument on
        9  this matter that's set out in the briefs, but the
10:18  10  reality is that there's a very simple answer.  The
       11  bankruptcy rules require that a complaint objecting to
       12  discharge be filed within a prescribed deadline.  They
       13  allow that deadline to be extended, but only on a
       14  motion brought within the deadline.
10:19  15     Here there was ample reason for the
       16  plaintiff in the adversary to know that there was at
       17  least a potential adversary complaint in plenty of time
       18  to bring a motion to extend the deadline.  No such
       19  motion was filed.
10:19  20     The Seventh Circuit's Zeden vs. Habash case,
       21  529 F.3d 398, considers this question and suggests that
       22  the creditor has the recourse of filing a motion for
       23  extension of time pursuant to Bankruptcy Rule 4004(b).
       24     The failure to do that here is fatal.  The
       25  complaint was not filed in a timely fashion.  There is
```

3

no basis for excusing the failure to file a timely request for an extension and, therefore, the motion to dismiss the adversary is granted.

    MR. BUCK: Thank you, your Honor.

    (Which were all the proceedings had in the above-entitled cause, September 22, 2010.)

I, CAROL RABER, C.S.R., DO HEREBY CERTIFY THE FOREGOING IS A TRUE AND ACCURATE TRANSCRIPT OF PROCEEDINGS HAD IN THE ABOVE-ENTITLED CAUSE.